IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06 CV 2

| | |
|---|---|
| RICKIE WILKINSON, DAWN WILKINSON, and RICKIE WILKINSON d/b/a RICKIES ONE STOP,<br><br>      Plaintiffs,<br><br>      v.<br><br>KENT HALLSTEN, individually and in his official capacity as a Bureau of Alcohol, Tobacco, and Firearms Agent, JOHN GOLDER, individually and in his official capacity as a Bureau of Alcohol, Tobacco, and Firearms Supervisor, ROBERT FROMME, individually and in his official capacity as an Iredell County Sheriff's Department Deputy Sheriff, JOHN DOEs I-X, individually and in their official capacities as Bureau of Alcohol, Tobacco, and Firearms Agents,<br><br>      Defendants. | **ORDER** |

**THIS MATTER IS** before the Court upon Plaintiffs Rickie Wilkinson, Dawn Wilkinson, and Rickie Wilkinson d/b/a Rickies One Stop's ("Plaintiffs") Motion for Default Judgment, (file doc. 15), filed on March 14, 2006. Defendant Kent Hallsten and the ten John Doe defendants filed their Response in Opposition to Motion for Judgment by Default and Memorandum in Support Thereof, (file doc. 16), on March 21, 2006. Accordingly, the Motion is ripe for disposition.

In this Motion, Plaintiffs seek an entry of default judgment against Defendants Kent Hallsten and the ten John Doe defendants. However, Plaintiffs have not yet sought an entry of default from the Clerk of Court as provided in Federal Rule of Civil Procedure 55(a). "Prior to

obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682 (2005). *See also Canady v. Erbe Elektromedizin GMBH*, 307 F. Supp. 2d 2, 8-9 (D.C.D.C. 2004) (finding that Rule 55 requires a "two-step process calling for the entry of default, followed by the entry of default judgment"); *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) (finding it inappropriate to rule on motion for default judgment where an entry of default had not been made by the clerk, and that a "plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment"); *Cameron v. MTD Products, Inc.*, 2004 WL 3256003, *2 (N.D. W. Va.) (stating that "[i]n order to obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)"). Accordingly, Plaintiffs' Motion for Default Judgment is premature, and they must first seek an entry of default from the Clerk. [1]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Default Judgment, (file doc. 15), is hereby **DENIED**. The Clerk is directed to send a copy of this Order to Plaintiffs' counsel at the docketed address and to Defendants through Assistant United States Attorney Sidney P. Alexander, United States Courthouse, Room 233, 100 Otis Street, Asheville, North Carolina 28801. The Court notes that AUSA Alexander made a special and limited appearance for the sole purpose of filing the Response to the Motion for Default Judgment.

---

[1] The Court will deny the Motion for the above procedural deficiency without ruling on the substantive problems with this Motion as brought up by the filed Response. However, the Court notes that the Defendants have raised valid arguments and that it is doubtful that Plaintiffs would have succeeded in obtaining a default judgment even if they had followed proper procedure.

Signed: April 11, 2006

*Richard L. Voorhees*
Richard L. Voorhees
Chief United States District Judge